**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YESSICA TICAS-GUILLEN,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-72981

Agency No. A202-002-399

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2018
San Francisco, California

Before:  SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

After being sexually assaulted in her home country of El Salvador, petitioner

Yessica Ticas-Guillen fled to the United States, where she applied for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

("CAT"). An Immigration Judge ("IJ") denied her applications. The Board of Immigration Appeals affirmed, upholding the rejection of Ticas-Guillen's asylum and withholding claims on the IJ's stated ground that her proposed social group – "women in El Salvador" – was "just too broad."

Both parties now agree that we must remand for the Board to consider whether this proposed social group is cognizable in light of our precedent. The IJ's ground for denial – that the proposed social group was "just too broad" to satisfy the "particularity" requirement – cannot stand. Under our law, gender and nationality can form a particular social group. *See Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010) (reversing Board's finding that "all women in Guatemala" is an overly broad and internally diverse group; warning that the "size and breadth of a group alone does not preclude [it] from qualifying as [a particular] social group"); *see also Mohammed v. Gonzales*, 400 F.3d 785, 797 (9th Cir. 2005) ("[T]he recognition that girls or women of a particular clan or nationality[,] or even in some circumstances females in general[,] may constitute a social group is simply a logical application of our law.") (internal parentheses omitted).

Former Attorney General Sessions's recent opinion clarifies what is required to be considered a "particular social group." *See Matter of A-B-*, 27 I. & N. Dec. 316 (June 11, 2018). The opinion explains that this is a "recurring question in

asylum law" for which the "standard has evolved," and emphasizes that "[w]hen confronted with asylum cases based on purported membership in a particular social group, the Board . . . must analyze the requirements as set forth in this opinion, which restates and where appropriate, elaborates upon, th[ose] requirements." *Id.* at 318-19.

We therefore grant the petition as to Ticas-Guillen's withholding and asylum claims and, consistent with the government's position, remand to the Board to further analyze (1) whether Ticas-Guillen's proposed social group is cognizable; and (2) whether her social group was "a reason" for her persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (clarifying applicants need only prove that their protected status was "a reason," not "one central reason," for their persecution); *see also Perdomo*, 611 F.3d at 669 (remanding for similar reasons); *Gonzalez-Solares v. Whitaker*, No.16-72740, 2018 WL 5876986, at *2 (9th Cir. Nov. 8, 2018) (same); *Silvestre-Mendoza v. Sessions*, 729 F. App'x 597, 598-99 (9th Cir. 2018) (same).

We deny relief as to the CAT claim. Although Ticas-Guillen argues that the Salvadorian government has been generally ineffective in preventing sexual assaults against women, we have pointed out that the government "does not acquiesce in the torture of its citizens merely because it is aware of torture but

3

powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**